N. ALBERT SHERMAN, APPELLANT, V. EDWARD BATES, APPELLEE.

**Building Contract.** Where a contractor agrees to erect a building in a certain manner he must comply with his agreement; and no plea of lack of skill of himself or any of his workmen or sub-contractors will constitute a defense for a failure to comply with the contract.

APPEAL from the district court of York county. Tried below before GEORGE W. POST, J.

*Sedgwick & Power*, for appellant.

*Scott & Frank,* for appellee.

MAXWELL, J.

This is an action by the plaintiff against the defendant to recover the sum of $492.60 as a balance due upon a contract for the erection of a two-story brick building in the city of York. The defendant, in his answer, admits the contract and the erection of the building, but states that the plaintiff did not construct said building according to said contract, etc. Then follows a statement of the defects in the material and workmanship, the defendant claiming damages in the sum of $1,985. The contract price was the sum of $2,535 and the excess over $200 on the counter, which seems to have cost $238.90. The plaintiff has been paid the sum of $2,090. There is also a slight charge for changes in the building. The cause was tried in the court below without a jury, and the issues were found in favor of the defendant and the action dismissed. The plaintiff appeals.

It is contended by the plaintiff's attorney that the finding and judgment are unsupported by the evidence, and therefore should be set aside. This is the principal ground upon which a reversal is sought.

It is admitted by the plaintiff and all the proof shows that the building is imperfect, but as an excuse for the defects of construction it is said in the brief of the attorneys for the plaintiff that the plaintiff " had no experience in laying foundations; this was known by the defendant, and it was not contemplated by the parties that the plaintiff should perform the work himself; but it was understood that he would rely upon others to do the work of laying the foundation. Of the qualifications of the party employed to do this work, and of the character of the work and the manner in which it was being done, defendant had the same opportunities of judging that plaintiff had. The

defendant was present during the whole time that the foundation was being laid." A party entering into a contract to construct a building thereby agrees that all parts of the building shall be constructed according to agreement. As a defense to inferior workmanship he cannot say, "I am not a mason or carpenter or tinsmith, therefore I am not liable for defects caused by unskillful or careless workmen."

The question is not one of skill on the part of the contractor, but of compliance with the contract. If the contractor agrees to erect a building in a certain manner he must comply with his agreement, and no plea of a lack of skill of himself or any of his workmen or sub-contractors will constitute a defense for a failure to comply with the contract. No waiver on the part of the defendant is shown, and in our opinion the judgment is fully sustained by the testimony, and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.